(50 App. Div. 522.)

FRENCH v. GRAVES et al.

(Supreme Court, Appellant Division, Second Department.  April 14, 1900.)

1. PRINCIPAL AND SURETY—ALTERATION OF CONTRACT—RELEASE OF SURETY.
   Upon the execution of an agreement for the payment of $3,000 by the promisor, he and another, as surety, executed a bond to the promisee, which referred to the agreement and was conditioned for its due performance; and both instruments were left with the promisor for delivery to the promisee, and for the latter's signature to the agreement.  Before signing the agreement the promisee objected to the amount named therein, and thereupon the promisor changed the sum to be paid to "three thousand seven hundred dollars, subject to charges."  *Held*, that the bond and agreement were to be construed together, and that the alteration of the agreement discharged the surety on the bond.

2. SAME—ACCEPTANCE BY PROMISEE WITH NOTICE OF ALTERATION.
   Since the bond referred to the agreement, and the promisee knew when he received it that the agreement was not the same as that referred to in the bond, he could not claim that, the papers having been left in the hands of the promisor, the surety was bound under the rule that, where one of two innocent parties must suffer, he who has put it into the power of the third person to perpetrate the fraud must bear the loss.

Appeal from trial term, Kings county.

Action by Margaret French against Horace Graves and Augustus C. Fischer to recover upon a bond for the payment of money.  From a judgment in favor of defendant Fischer, plaintiff appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

James D. Bell, for appellant.
William A. Jones and William W. Cantwell, for respondent.

HATCH, J.  This action was brought to recover a sum secured to be paid by a certain bond conditioned to pay the sum of $3,000, executed by the defendants, and delivered to the plaintiff's assignor. The substantial facts surrounding the transaction resulting in the delivery of the bond are that the defendant Graves, prior to March, 1895, had collected moneys for Thomas H. French, the plaintiff's assignor, which he had not paid over to him; the balance remaining unpaid being the sum of $3,700, subject to certain charges due to Graves for his services in connection with the matter.  French was pressing for payment of the money.  Graves entered into an agreement whereby the payment of the money by him, except certain installments, was extended for two years upon condition that he procure to be executed by the defendant Fischer a bond securing the performance of his contract.  On the day of the date of the bond (March 12, 1895) the defendant Fischer executed the bond in its present form at the office of Graves; the two instruments (the bond and the agreement) having been then prepared.  He examined the agreement, which was executed by Graves, but not by French, and then both he and Graves executed the bond.  In the afternoon of the same day, in the absence of Fischer, the plaintiff's assignor attended at Graves' office to receive the contract and the bond.  Disagreement arose as to the sum which the agreement should express

as due and payable to French, and thereupon Graves changed the agreement by striking out the word "dollars," and inserting therein "seven hundred dollars, subject to charges"; the agreement as thus changed reading, "Whereas, the said French has loaned to the said Graves the sum of three thousand seven hundred dollars, subject to charges." As it appeared when Fischer examined it, at the time of the execution of the bond, it provided for the payment of "the sum of three thousand dollars."

The learned court below submitted two questions to the jury: First, whether any amount was due to the plaintiff from the defendant Graves under the agreement; also, if any amount was due, what was such amount. The jury returned an affirmative answer to both questions, fixing the amount due under the agreement at the sum of $3,480. Motion for judgment being made upon this verdict, the court granted the same as against the defendant Graves, and denied the same as against the defendant Fischer; the ground of the denial of judgment as against Fischer being that the contract had been altered, changing the liability of Fischer, and therefore discharged the surety therein. We think this ruling was correct. The bond and the agreement are to be construed together, and, when so construed, it appears that Fischer's liability under the bond was that Graves should pay and discharge according to the terms of the agreement the sum of $3,000, and as his liability was changed, subsequent thereto, without his consent, he was discharged from liability. This is the rule, within all of the authorities. Page v. Krekey, 137 N. Y. 307, 33 N. E. 311; Livingston v. Moore, 15 App. Div. 15, 44 N. Y. Supp. 125.

The plaintiff claims that the rule of these authorities has no application to this case, but that it falls within another principle of law, which is quite as plain as the principle which is the rule of the authorities cited. In substance, the claim as made by the plaintiff is that as Fischer executed the bond and delivered it to Graves, together with the contract, with knowledge that Graves was thereafter to deliver the instruments to French, and as French had no knowledge that Graves was not authorized to make the change in his agreement, he was misled to his prejudice, and that, as Fischer had placed it within the power of Graves to thus mislead by making the change, Fischer is bound by the act of Graves, and is estopped from interposing his lack of authority to change the contract. The principle which the plaintiff seeks to invoke, and which lies at the basis of the claim, is that, where one of two innocent parties must suffer, he who has put it in the power of the third person to perpetrate the fraud must bear the burden of loss. Such is the rule announced in McWilliams v. Mason, 31 N. Y. 294, Russell v. Freer, 56 N. Y. 67, and in other cases relied upon by the plaintiff, but which add no strength to her contention. The same rule is also recognized in Page v. Krekey, supra. Such rule is inapplicable to the present case, for the reason that the defendant Fischer could alone be bound by the terms of the contract which he had made, and of which French, when he took the bond, was bound to take notice. He could be in no legal sense misled; for the bond referred

to the contract, the contract was then in existence and signed by Graves, and it was that contract, and no other, for the performance of which the bond stood sponsor. When French took the contract, he took it with knowledge that Graves had changed its terms, and then knew, or was chargeable with knowledge, that it was not the contract to which the bond referred. Had Fischer delivered the bond to Graves as surety for the amount of $3,000 of a contract thereafter to be executed between Graves and French, then undoubtedly he would have guarantied, to the extent of the amount of the bond, the fulfillment of that contract, whatever it was, as he would thus be brought within the principle of the authorities sought to be made applicable by the plaintiff. Such, however, were not the circumstances under which the bond was delivered. On the contrary, as we have before observed, the bond was surety for the fulfillment of the contract as executed by Graves when Fischer signed the bond, and such relation brings the case squarely within the doctrine of the cases first above cited. It follows that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.